[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10332
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-21950-DPG

GORDON APPLEBY,

                                                    Plaintiff - Appellee,

versus

NCL (BAHAMAS), LTD.,
d.b.a. Norwegian Cruise Line,

                                                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 14, 2020)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Gordon Appleby was injured at sea in June 2018 while he was a cruise passenger onboard the Norwegian Cruise Line ("NCL") *Bliss* ship.  To recover for his injuries, Appleby sued NCL for negligence in both state and federal court. Recognizing that he was bound by a forum-selection clause in his ticket contract with NCL, which required him to bring any claim in the United States District Court for the Southern District of Florida if it was jurisdictionally possible to do so, Appleby filed a complaint in that federal court.  Among other things, the complaint demanded a jury trial.  Yet Appleby's federal complaint largely attempted to establish that the court lacked admiralty jurisdiction—the only potential basis for jurisdiction—because he had elected to bring his claims *at law* and *in personam*— not in admiralty.  NCL answered Appleby's complaint and did not challenge Appleby's demand for a jury trial.

In the meantime, Appleby sought an order dismissing the federal case for lack of jurisdiction so that he could pursue his negligence claim against NCL in state court.  Over NCL's objections, the district court agreed with Appleby that the complaint failed to establish federal subject-matter jurisdiction and dismissed the federal complaint without prejudice.  NCL appeals, and we reverse.[1]

---

[1] We review *de novo* a dismissal for lack of subject-matter jurisdiction.  *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1309 (11th Cir. 2020).

After this appeal was filed, we issued a published opinion in a nearly identical case foreclosing this type of forum-shopping. *See DeRoy v. Carnival Corporation*, 963 F.3d 1302 (11th Cir. 2020). In *DeRoy*, a cruise-ship passenger who was injured at sea simultaneously filed suit in state and federal court and attempted to plead her federal complaint to avoid invoking federal jurisdiction. *Id.* at 1308–09. The plaintiff, DeRoy, maintained that diversity jurisdiction was lacking because the parties were not diverse, that her negligence claim did not arise under federal law, and that admiralty jurisdiction did not exist because she had elected to bring her negligence claims *in personam* and *at law*—not in admiralty. *Id.* The district court found these arguments persuasive and dismissed the federal lawsuit. *Id.* at 1309.

We reversed, reaching four key conclusions. *Id.* at 1311–17. First, we held that admiralty jurisdiction under § 1333 extends to personal-injury claims that arise from incidents that occur onboard cruise ships at sea. *Id.* at 1311–12; *see Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018) ("Personal-injury claims by cruise ship passengers, complaining of injuries suffered at sea, are within the admiralty jurisdiction of the district courts."). Because DeRoy's injury occurred while she was a passenger on a cruise ship traveling at sea, her negligence claim was within the district court's admiralty jurisdiction. *DeRoy*, 963 F.3d at 1312.

Second, we held that the failure to expressly invoke admiralty jurisdiction in federal court does not prevent the court from exercising admiralty jurisdiction where

3

"admiralty is the only basis for jurisdiction." *Id.* We explained that "[a]dmiralty jurisdiction turns on the *facts* and substance of the claims alleged in the complaint," *id.* at 1313 (emphasis in original), which the court must consider *sua sponte* even if "the parties disclaim or fail to present requirements that go to the existence of subject-matter jurisdiction," *id.* at 1311. Furthermore, "[a]lthough [Fed. R. Civ. P.] 9(h) allows a plaintiff in a maritime case to choose whether to proceed at law or in admiralty, that choice is available only if there is a choice to be made—that is, if the plaintiff has a separate basis for subject-matter jurisdiction other than admiralty." *Id.* at 1312. So "when admiralty jurisdiction is the only basis for jurisdiction, then admiralty jurisdiction applies, regardless of how the plaintiff designates her case." *Id.* In light of these principles, we concluded that the district court enjoyed admiralty jurisdiction over DeRoy's complaint, despite her active efforts to disclaim admiralty jurisdiction, because it was "the only basis for federal jurisdiction under the facts and substance of [her] complaint." *Id.* at 1313.

Third, we held that 28 U.S.C. § 1333's "saving-to-suitors" clause[2] did not affect the district court's admiralty jurisdiction—"at least not when the defendant agrees to a jury trial." *Id.* at 1314. We noted that this clause "generally provides a plaintiff in a maritime case alleging an *in personam* claim three options: (1) the

---

[2] Under 28 U.S.C. § 1333 district courts have exclusive jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*." 28 U.S.C. § 1333(1) (emphasis added).

4

plaintiff may file suit in federal court under admiralty jurisdiction . . . ; (2) the plaintiff may file suit in federal court under diversity jurisdiction; or (3) the plaintiff may file suit in state court." *Id.* (quotation marks omitted). So the clause "allowed DeRoy to choose to file her claim exclusively in state court." *Id.* But we explained that this clause does not "authorize a plaintiff who files in federal court to escape or sabotage existing admiralty jurisdiction by simply labeling her claims 'at law,' rather than 'in admiralty.'" *Id.* Nor is that clause's impact on removal jurisdiction relevant where a plaintiff voluntarily files in federal court. *See id.* at 1314–15. Because DeRoy voluntarily filed in federal court and alleged sufficient facts to satisfy admiralty jurisdiction, we reasoned, "the district court had admiralty jurisdiction over DeRoy's maritime negligence claim, regardless of the saving-to-suitors clause." *Id.* at 1315.

Finally, we held that the forum-selection clause required DeRoy to "sue in Miami federal district court when her claims are amenable to federal jurisdiction." *Id.* at 1315. Because the plaintiff's claim was amenable to suit in federal court, she could not escape the forum-selection clause by "simply refus[ing] to set forth the correct federal jurisdictional ground." *Id.* at 1316. We declined to "effectively repudiate a valid forum-selection clause by allowing a plaintiff to circumvent it by refusing to acknowledge the correct basis for federal jurisdiction over her case." *Id.*

All of these conclusions apply with equal force to this case, which is materially indistinguishable from *DeRoy*.  First, the district court had admiralty jurisdiction over Appleby's negligence claim because he "suffered [his] injury while participating as a passenger on a cruise, which is a traditional maritime activity." *Id.* at 1312.  Second, the district court enjoyed admiralty jurisdiction because it was "the only basis for federal jurisdiction under the facts and substance of [his] complaint," and Appleby cannot "escape or sabotage existing admiralty jurisdiction by simply labeling [his] claims 'at law,' rather than 'in admiralty.'" *Id.* at 1313–14.  Third, the saving-to-suitors clause did not affect the district court's jurisdiction because Appleby voluntarily filed in federal court and "alleged sufficient facts to satisfy admiralty jurisdiction," and NCL did not oppose Appleby's demand for a jury trial. *Id.* at 1314, 1315.  Finally, the forum-selection clause required Appleby to file in federal court any claims over which federal jurisdiction could exist if properly pleaded. *Id.* at 1315–16.  Because Appleby's claim "is capable of being pleaded to satisfy federal jurisdiction (and was, in fact, pleaded that way), the claim must proceed, if at all, in federal court." *Id.* at 1317.

For these reasons, and as explained more fully in *DeRoy*, the district court enjoyed admiralty subject-matter jurisdiction over Appleby's complaint.  We therefore reverse the order dismissing the complaint for lack of subject-matter jurisdiction and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**